IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alberta Davis-Sadler,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Lee Foster, Sheriff of Newberry County,  )<br>  )<br>    Defendant.  )<br>_____)  | Civil Action No. 8:24-5155-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Alberta Davis-Sadler's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for initial review. On September 23, 2024, the Magistrate Judge issued an order warning Plaintiff of certain deficiencies in her complaint and providing her the opportunity to amend. Plaintiff filed an amended complaint on October 10, 2024. (ECF No. 12.)

On November 19, 2024, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without further opportunity to amend and without issuance and service of process. (ECF No. 17.) In the Report, the Magistrate Judge explained that Sheriff Foster, the only named Defendant in this action, is subject to dismissal because Plaintiff provides no factual allegations to support a plausible claim for relief. (*See* ECF No. 16 at 5-9.)

Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On December 6, 2024, Plaintiff filed one sentence in response to the Report, stating: "I Alberta Davis object to this report." (ECF No. 20.) Importantly, nowhere in her objections does Plaintiff

specifically respond to any portion of the Magistrate Judge's Report, and she does not otherwise point to any legal or factual errors in the Magistrate Judge's analysis.

Here, the Court finds Plaintiff's non-specific objections insufficient to entitle her to *de novo* review.[1] However, whether reviewed under a *de novo* or clear error standard, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law, and the Court agrees with the Magistrate Judge's findings and recommendations.

## **CONCLUSION**

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 16); the Court overrules Plaintiff's objections (ECF No. 20); and the Court dismisses Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 without further leave to amend and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 13, 2025
Charleston, South Carolina

---

[1] The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).